OPINION
{¶ 1} On July 1, 2002, the Licking County Grand Jury indicted appellee, Matthew Wheat, on one count of possession of crack cocaine in violation of R.C. 2925.11.
 {¶ 2} On August 7, 2002, appellant filed a motion to suppress claiming an unreasonable search and seizure. A hearing was held on September 4, 2002. By judgment entry filed September 16, 2002, the trial court granted said motion. Findings of fact and conclusions of law were filed on September 19, 2002.
 {¶ 3} Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred when it granted the appellee's motion to suppress."
 I {¶ 5} Appellant claims the trial court erred in granting appellee's motion to suppress. We disagree.
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 7} The basic facts are uncontested. Police were called to investigate a broken car window. T. at 5-6. The complainant, Shannon Johnson, told police she believed appellee broke her car window with a BB gun as she observed appellee with a BB gun about one-half hour before the police arrived. T. at 6. Prior to the incident, appellee had asked Ms. Johnson for a ride home but she refused. Id. Ms. Johnson reported appellee was upset by the refusal. T. at 10. Officer Kyle Gross testified the broken window was consistent with being struck by a blunt object. T. at 13.
 {¶ 8} Officer Gross relayed Ms. Johnson's report to Officer Jonathan Bell. T. at 7, 22. Officer Bell began looking for appellee. T. at 23. Officer Bell observed appellee exiting a van. T. at 23-24. Officer Bell asked appellee his name and if he lived at the location. T. at 24. Appellee answered in the affirmative and identified himself. Id. As Officer Bell exited his cruiser, he asked appellee "if he'd come over to talk to me." Id. Appellee "advised no and started to turn around and walk away from me." Id. Officer Bell "went up to ask him to stop" but "he again refused." Id. Officer Bell then attempted to physically detain appellee and appellee "started to resist somewhat." Id.
 {¶ 9} The narrow question raised by this appeal is whether Officer Bell had reasonable suspicion of criminal activity to detain appellee once appellee walked away and refused further discussion. In its September 19, 2002 Findings of Fact and Conclusions of Law, the trial court concluded the following:
 {¶ 10} "The Court specifically determines that the State of Ohio has failed to carry this burden with respect to the warrantless intrusion herein and, therefore, the `exclusionary rule' requires the suppression from the prosecution of this matter the evidence obtained. Murray v.United States (1988), 487 U.S. 533, 536."
 {¶ 11} The trial court determined that once appellee had identified himself and his residence, the consensual nature of the encounter ended and Officer Bell lacked reasonable suspicion. The trial court found, at most, Officer Bell had information of appellee being in the area of the criminal activity prior to the incident. Officer Bell did not have a witness to the incident or a positive identification of appellee as the perpetrator.
 {¶ 12} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 13} From the limited description surrounding the incident and the perpetrator of the crime, we are hard pressed as to what further action the police could have done. Appellee identified himself and absent a warrant, had the absolute right to terminate the encounter with Officer Bell.
 {¶ 14} Upon review, we find the trial court did not err in granting appellee's motion to suppress.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
Topic: Motion to suppress seized evidence granted after defendant stopped consensual encounter with police.